[766 NYS2d 544]

In the Matter of BART L. NASON (Admitted as BART LAWRENCE NASON), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 25, 2003

### APPEARANCES OF COUNSEL

*Stephen P. McGoldrick* of counsel *(Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State

of New York by the Second Judicial Department on June 11, 1986, as Bart Lawrence Nason. At all times relevant to the instant proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By order entered July 11, 2002, this Court granted the Departmental Disciplinary Committee's motion seeking respondent's immediate suspension from the practice of law for his willful failure to cooperate with the Committee in its investigation of two disciplinary matters, and on the basis of substantial admissions made under oath that he converted client funds (297 AD2d 10 [2002]).

The Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resignation from the practice of law and striking respondent's name from the roll of attorneys.

Respondent submits his resignation pursuant to 22 NYCRR 603.11. In his affidavit in support of his application to resign, respondent admits that he was suspended by this Court based on uncontested evidence that he converted $50,436 in escrow funds belonging to one client and for willfully failing to cooperate with the Committee in its investigation of a complaint filed by one Joseph Kelly. Respondent is aware that the Committee alleges that he converted the first client's money in a real estate closing and that he commingled personal funds with escrow funds and did not keep proper records. He avers that as of October 9, 2002, that client received all monies he owed her including 9% interest and expenses that she had incurred.

Respondent is also aware of the Committee's allegations that he acted as Mr. Kelly's attorney in connection with loans Kelly made to three individuals and that respondent failed to take the necessary steps to see to it that Kelly's security interests in the intended collateral for the aforementioned loans were perfected. He acknowledges further that his actions with respect to Mr. Kelly created the appearance that he was acting as Kelly's attorney.

Counsel for the Committee states that he is satisfied that the affidavit conforms with the requirements set forth in section 603.11.

A review of respondent's affidavit of resignation, dated May 22, 2003, indicates that it fully complies with the requirements of section 603.11 of this Court's rules governing the conduct of attorneys. Namely, respondent acknowledges that he is the subject of a pending disciplinary investigation, he concedes

that if charges were brought against him based on the aforementioned allegations he could not successfully defend himself on the merits, he asserts that his resignation is freely and voluntarily rendered without coercion or duress, and states that he is fully aware of the implications of submitting his resignation. He also asserts that he feels strongly that submitting his resignation is the "honorable thing to do" since he is deeply embarrassed by this matter, takes full responsibility and sincerely apologizes to the Court, the Committee and the complainants.

Accordingly, the Committee's motion should be granted, respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law authorized to practice in the State of New York.

TOM, J.P., ANDRIAS, LERNER, WILLIAMS and FRIEDMAN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 22, 2003.